IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TINA HICKMAN, )<br> )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>LSI CORPORATION and )<br>RELIANCE STANDARD LIFE )<br>INSURANCE COMPANY, )<br> )<br>  Defendants. )<br>_____ ) | Case No. 11-1039-JAR |

## MEMORANDUM AND ORDER REQUESTING SURREPLY

Plaintiff Tina Hickman brings this action against LSI Corporation ("LSI") and Reliance Standard Life Insurance Company ("Reliance Standard") under the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §§ 1001 *et. seq.* Plaintiff seeks judicial review of two separate issues: 1) LSI's denial of short term disability benefits; and 2) Reliance Standard's determination regarding long term disability benefits. This matter is before the Court on Reliance Standard's Motion to Dismiss (Doc. 6) for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Reliance Standard contends that plaintiff's claim is not ripe for review because her benefits have never been terminated, there has been no final action, and the process of administering her claim for LTD benefits is still ongoing. The Court, however, considers such a ripeness challenge as a motion to dismiss under Rule 12(b)(1) because it implicates the Court's

subject matter jurisdiction.[1]  The law is clear that an ERISA does not accrue until "an application for benefits is denied."[2]  "Therefore, exhaustion of administrative (i.e., company-or plan-provided) remedies is an implicit prerequisite to seeking judicial relief.  If the rule were otherwise, lawsuits likely would be—and should be—dismissed for lack of ripeness."[3]  This is consistent with the general principle that "[t]he doctrine of ripeness prevents federal courts from interfering with the actions of administrative agencies except when a specific final agency action has an actual or immediately threatened effect."[4]

To determine whether an administrative action is ripe, the court considers "the legal nature of the question presented and the finality of the administrative action."[5]  Further, the court engages in a three part inquiry to determine : "(1) whether delayed review would cause hardship to [plaintiff]; (2) whether judicial intervention would inappropriately interfere with further administrative actions; and (3) whether the courts would benefit from further factual development of the issues presented."[6]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack.  "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In

---

[1] *SK Fin. SA v. La Plata Cnty.*, 126 F.3d 1272, 1275 (10th Cir. 1997).

[2] *Schwob v. Std. Ins. Co.*, 37 F. App'x 465, 470 (10th Cir. 2002) (citing *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1205 (10th Cir. 1990)).

[3] *Id*. (quoting *Held*, 465 F.2d at 1206).

[4] *Id*. (quoting *Ash Creek Mining Co. v. Lujan*, 934 F.2d 240, 241 (10th Cir. 1991)) (quotation omitted).

[5] Id. (quoting Rocky *Mountain Radar, Inc. v. FCC*, 158 F.3d 1118, 1123 (10th Cir. 1998)).

[6] Id. (quoting *Roe #2 v. Ogden*m 253 F.3d 1225, 1231 (10th Cir. 2001)) (quotation omitted).

2

reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[7] "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. Here, Reliance Standard attacks the factual basis for subject matter jurisdiction, and the Court therefore may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[8] On a factual attack, the court may consider evidence outside of the pleadings and may resolve factual disputes without converting the motion into a Rule 56 motion.[9] Reliance Standard attached for the first time six exhibits to its reply brief, including the LTD policy and correspondence about plaintiff's claim. "A court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."[10] In this case, the jurisdictional issue is not intertwined with the merits of the lawsuit, because the resolution of the jurisdictional issue does not require the Court to consider any aspect of plaintiff's substantive claims. Thus, the Court will proceed to resolve Reliance Standard's motion to dismiss and exhibits in favor under Rule 12(b)(1).

Because plaintiff's response brief was based on Reliance Standard's Rule 12(b)(6) analysis, however, her discussion was premised on accepting the factual basis of the Complaint

---

[7]*Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

[8]*Id*. at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[9]*Id*. (the Tenth Circuit reviews the district court's findings of jurisdictional facts for clear error).

[10]*Id.* (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987)).

as true. As Reliance Standard applied the wrong standard to its motion to dismiss and did not attach or discuss the exhibits regarding ripeness of the claim until its reply brief, the Court will afford plaintiff the opportunity to submit a surreply in response to these new arguments and evidence within **fourteen (14) days** of this Order, along with any additional evidence regarding the jurisdictional issue.

**IT IS SO ORDERED.**

Dated: April 18, 2011

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE