lml

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TINA HICKMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LSI CORPORATION and )<br>RELIANCE STANDARD LIFE )<br>INSURANCE COMPANY, )<br>)<br>Defendants. )<br>_____) | Case No. 11-1039-JAR |

## MEMORANDUM AND ORDER

Plaintiff Tina Hickman brings this action against LSI Corporation ("LSI") and Reliance Standard Life Insurance Company ("Reliance Standard") under the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §§ 1001 *et. seq.* Plaintiff seeks judicial review of two separate issues: 1) LSI's denial of short term disability benefits; and 2) Reliance Standard's determination regarding long term disability benefits. This matter is before the Court on Reliance Standard's Motion to Dismiss (Doc. 6) on the ground that plaintiff's claim is not ripe for adjudication. At the Court's request, plaintiff has submitted a Surreply (Doc. 22). For the reasons discussed in detail below, the Court grants Reliance Standard's motion, and dismisses the claim without prejudice.

**I.     Background**

Plaintiff was employed by LSI Corporation and was a participant in the company's Short Term Disability Plan ("STD") and RLS Group and Blanket Insurance Trust, a long-term disability plan ("LTD"). The LTD policies are administered by Reliance Standard and governed

by ERISA.

In January 2009, LSI made an adverse determination regarding plaintiff's claim for STD benefits. Plaintiff's appeal was denied on April 23, 2009. This claim is not relevant to the pending motion to dismiss.

In December of 2009, plaintiff applied for benefits under the LTD policy alleging she suffered from "pain, fatigue, stomach pain, bowel issues, memory, fogginess, sleep issues." Reliance Standard on April 30, 2010 denied plaintiff benefits. Plaintiff, with representation by counsel, appealed the adverse determination on October 20, 2010, by submitting medical and vocational evidence of her disability. On November 3, 2010, Reliance Standard notified plaintiff that the appeal decision was tolled, as allowed under ERISA, so that it could arrange for an independent medical examination ("IME"). On January 6. 2011, Reliance Standard notified plaintiff's counsel that "our original decision is reversed and her benefits reinstated at this time." In a letter to the plaintiff dated January 19, 2011, Reliance Standard notified plaintiff of the benefit amount that she would receive, and that,

> Your group policy further provides that benefits are payable for a maximum of 24 months if a disability occurs as a result of a mental or nervous disorder. **At present, the medical information within your claim file suggests that your disability falls within this limitation.** As your benefits started on January 30, 2010, **the 24 month period will expire on January 30, 2012 or the date you no longer meet the provisions of this policy, whichever comes first** (emphasis added).[1]

Reliance Standard further notified plaintiff that in order to determine if she continued to be disabled from her occupation beyond January 30, 2012, it required additional medical

---

[1](Doc. 16, Ex. F.)

documentation from her treating physicians and would take "reasonable steps" to try to obtain the information on her behalf.[2] As noted in the letter, according to the insurance policy, an individual cannot receive more than twenty-four months of benefits when a disability results from a "mental or nervous disorder."[3]

On February 11, 2011, plaintiff filed this lawsuit suit against Reliance Standard seeking a determination that Reliance Standard failed to give the plaintiff's evidence a full and fair review, and thus the Court should review plaintiff's claim de novo, and that Reliance Standard inappropriately determined that her disability falls within the twenty-four month limitation. Plaintiff is currently receiving long-term disability benefits.

## II.     Standard of Review

Reliance Standard seeks dismissal under Fed. R. Civ. P. 12(b)(6), arguing that plaintiff's claim is not ripe for review. The Court, however, considers such a ripeness challenge as a motion to dismiss under Rule 12(b)(1) because such a challenge implicates the Court's subject matter jurisdiction.[4]

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction.[5] A court lacking jurisdiction must dismiss the case,

---

[2]*Id.*

[3](Doc. 16, Ex. A at 13.0.)

[4]*SK Fin. SA v. La Plata Cnty.*, 126 F.3d 1272, 1275 (10th Cir. 1997).

[5]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[6] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[7] "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[8] Mere conclusory allegations of jurisdiction are not enough.[9]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests."[10] Here, Reliance Standard attacks the factual basis for subject matter jurisdiction, and the Court therefore "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts."[11] Reliance Standard attaches six exhibits to its reply brief, including the LTD policy and correspondence about plaintiff's claim. Plaintiff also attaches as exhibits to her surreply the exhibits to her October 20, 2010 letter that she contends supports her claim for physical disability benefits. "Reference to evidence outside the pleadings does not convert the motion to dismiss to a motion

---

[6]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[7]*Montoya*, 296 F.3d at 955.

[8]*Harms v. I.R.S.*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[9]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[10]*Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)).

[11]*SK Fin. SA v. La Plata Cnty.*, 126 F.3d 1272, 1275 (10th Cir. 1997).

for summary judgment in such circumstances."[12]

### III. Discussion

Reliance Standard contends that plaintiff's claim is not ripe for resolution because her benefits have never been terminated, there has been no final action, and the process of administering her claim for LTD benefits is still ongoing. The law is clear that an ERISA action does not accrue until "an application for benefits is denied."[13] "Therefore, exhaustion of administrative (i.e., company-or plan-provided) remedies is an implicit prerequisite to seeking judicial relief. If the rule were otherwise, lawsuits likely would be—and should be—dismissed for lack of ripeness."[14] This is consistent with the general principle that "[t]he doctrine of ripeness prevents federal courts from interfering with the actions of administrative agencies except when a specific final agency action has an actual or immediately threatened effect."[15]

To determine whether an administrative action is ripe, the court considers "the legal nature of the question presented and the finality of the administrative action."[16] Further, the court engages in a three part inquiry: (1) whether a delay in review would cause hardship to the party; (2) whether judicial intervention would inappropriately interfere with further administrative actions; and (3) whether the court would benefit from additional factual

---

[12]*Id.*

[13]*Schwob v. Std. Ins. Co.*, 37 F. App'x 465, 470 (10th Cir. 2002) (citing *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1205 (10th Cir. 1990)).

[14]*Id.* (quoting *Held*, 465 F.2d at 1206).

[15]*Id.* (quoting *Ash Creek Mining Co. v. Lujan*, 934 F.2d 240, 241 (10th Cir. 1991) (quotation omitted)).

[16]*Id.* (quoting *Rocky Mountain Radar, Inc. v. FCC*, 158 F.3d 1118, 1123 (10th Cir. 1998)).

development of the issues presented.[17]

The Court agrees with Reliance Standard that judicial involvement in this case is premature. The evidence before the Court supports the conclusion that no final determination was made in the January 19, 2010 letter that plaintiff's benefits are subject to the two year limitation. Instead, Reliance Standard's letter stated the medical evidence at that time suggested the limitation applied, and that in order to determine whether she continued to be disabled beyond January 30, 2012, additional medical documentation was required from her treating physicians. As Reliance Standard notes, because plaintiff was awarded benefits, plaintiff was not advised of her appeal rights and no appeal was taken. If after twenty-four months, Reliance Standard determines that plaintiff is not entitled to benefits beyond that time, it will issue an opinion letter informing plaintiff of her appeal rights and plaintiff can submit her evidence in support of any appeal. Because plaintiff has not exhausted her administrative remedies, judicial relief is premature.[18] At this point, postponing judicial review does not cause hardship to plaintiff, judicial intervention will improperly interfere with the continuing administrative process and this Court will benefit from further factual development of the relevant medical issues. Plaintiff identifies no contrary evidence that would indicate the decision on her LTD benefits was a final determination, rather than preliminary or contingent. Thus, this Court's only option is to dismiss the case without prejudice for lack of subject matter jurisdiction.[19]

---

[17]*Id.* (quoting *Roe #2 v. Ogden*, 253 F.3d 1225, 1231 (10th Cir. 2001)).

[18]*See Salisbury v. Hartford Life & Acc. Co.*, 583 F.3d 1245, 1248 (10th Cir. 2009) (explaining that "exhaustion of administrative . . . remedies is an implicit prerequisite to seeking judicial relief" under ERISA) (quoting *Held*, 912 F.2d at 1206).

[19]*Cf. Maldonado v. Prudential Ins. Co. of Am.*, No. 10-00074-PAB-MEH, 2011 WL 819751, at *2 (D. Colo. Mar. 2, 2011) (involving similar facts where the plaintiff initially challenged her claim's classification under a similar mental illness limitation, and the court found, although she was currently receiving benefits, the chance that

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Reliance Standard's Motion to Dismiss, which the Court construes as a motion requesting dismissal under Fed. R. Civ. P. 12(b)(1), is **granted without prejudice.**

**IT IS SO ORDERED.**

Dated: May 19, 2011

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

---

she would face a period without benefits because of the classification was a hardship; after plaintiff's lawsuit was filed, however, the insurance company notified the plaintiff that they conclusively determined her disability fell within the limitation).